## Matter of CAVANAGH and others.

Whether a partition of real property can now be effected in proceedings instituted by *petition? Quære.*

There seems so much doubt whether that form of remedy is not abolished by the code, that the court will not compel a purchaser at a sale in proceedings for partition thus commenced, to complete his purchase.

THIS was an appeal from an order made at a special term, directing a purchaser at a sale of premises in partition to accept a deed and pay the purchase money. George W. Cav-

anagh and others presented a petition to this court under the provisions of the revised statutes (2 *R. S.* 317, § 1) for the partition of a lot of land with a dwelling house thereon, in the city of New York. Commissioners being appointed, to make partition, they reported that in their judgment the property was not susceptible of actual partition. An order was then made for a sale of the premises. On the sale, Timothy Donovan became the purchaser. He subsequently refused to complete the purchase, principally on the ground that under the code proceedings for partition could not be commenced by *petition ;* but that an *action* was the only form of remedy. Donovan appealed from the order.

*Bogardus & Brown,* for the appellant.

*C. D. Miller,* for the respondents.

*By the Court,* CLERKE, J. I think it would be contrary to that caution with which we have always acted, in relation to applications of this kind, to compel the purchaser in this case, to complete his purchase. There seems to be a considerable diversity of opinion whether a partition of real property can now · be effected by a petition. According to the opinion of Mr. Justice Pratt in *Croghan* v. *Livingston,* (17 *N. Y. Rep.* 218 ; *S. C., 6 Abb. Pr. Rep.* 350,) this mode of proceeding is abolished. He deems the proceedings by summons and complaint the only existing form of remedy for partition. This might be considered a dictum, not having been necessary to the decision of the question before the court at the time. But the point seems to have been carefully considered by the judge, and his opinion is unhesitating and unqualified. The same opinion has been expressed by other judges, and it is a very prevalent one in the ·profession. Without venturing now to say that it is well founded, the doubts referred to make it safer, and more in conformity with

our usual course, not to compel the purchaser, under such circumstances, to complete his purchase.

I think the order should be reversed, the purchaser relieved, and his deposit repaid.

*Judgment accordingly.*

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]